# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

STATE OF WASHINGTON,

Respondent,

v.

ROBERT ERNEST WILSON, JR.,

Appellant.

No. 50800-1-II

PUBLISHED OPINION

MAXA, C.J. – Robert Wilson appeals his conviction of first degree animal cruelty, which arose from an incident at an archery club when Wilson shot a large dog with an arrow after that dog had attacked Wilson's small dog. Wilson argues that his action was lawful under RCW 16.08.020, which states that it is lawful for a person to kill a dog seen chasing, biting, or injuring a domestic animal on real property that person owns, leases, or controls.

We hold that although the trial court did not err in denying Wilson's motion to dismiss under RCW 16.08.020, the trial court erred in refusing to give Wilson's proposed jury instruction based on RCW 16.08.020 and this error was not harmless because the trial court's to-convict

instruction introduced an element of Wilson's defense that was inconsistent with RCW

16.08.020.[1]  Accordingly, we reverse Wilson's conviction and remand for further proceedings.

FACTS

On May 14, 2017, "Dozer," a 70 pound dog, ran across the highway south of Aberdeen to

the Grays Harbor Bowmen Club.  Within minutes, he returned home to his owner with an arrow

protruding from his rear end.  Dozer was in pain but eventually recovered from the injury.

A deputy sheriff viewed a surveillance video from the archery club and interviewed

Wilson, a club member.  Wilson admitted shooting Dozer with an arrow.  He explained that

Dozer had attacked his dog "Little Bit", had Little Bit in his mouth and was shaking him, and let

him go after Wilson approached yelling.  The State charged Wilson with first degree animal

cruelty.

Before trial, Wilson moved for dismissal under CrR 8.3(c), claiming that he had a

statutory right to shoot Dozer under RCW 16.08.020.  In support of the motion, Wilson

submitted a declaration stating that he saw Dozer biting and shaking Little Bit.  However, the

declaration did not address whether he had control over the club property when the incident

occurred.  The trial court denied the motion.

At trial, Wilson testified that he was a member of the archery club and had a key to the

club's gate, indoor range, and clubhouse.  On the day of the incident, he went to the club and

brought Little Bit with him.  While he was shooting, Wilson heard Little Bit screaming.  He saw

that Dozer had Little Bit and was shaking her.  Wilson ran toward the dogs, and Dozer dropped

---

[1] Wilson also argues that the to-convict instruction was erroneous.  However, Wilson did not object to this instruction at trial and he does not allege a manifest constitutional error.  Therefore, we do not address this argument under RAP 2.5(a).

Little Bit and moved about 10 feet away. But Dozer was pacing back and forth, and Wilson

thought that he was waiting for another chance to attack Little Bit.

As Dozer moved toward the road, Wilson shot the dog in the rear end with an arrow.

Wilson stated that he was not trying to hurt Dozer and that he could have killed the dog if he had

wanted to.

Wilson proposed the following jury instruction based on the statutory language of RCW

16.08.020:

> It is a defense to a charge of Animal Cruelty that the dog was chasing, biting, injuring or killing any sheep, swine or other domestic animal, including poultry, belonging to such person, on any real property owned or leased by, or under the control of, such person.

> The State has the burden of proving beyond a reasonable doubt that the force used by the defendant was not lawful. If you find that the State has not proved the absence of this defense beyond a reasonable doubt, it will be your duty to return a verdict of not guilty.

Clerk's Papers (CP) at 99-100.

The trial court declined to give Wilson's proposed instruction. The court ruled that

RCW 16.08.020 applied only when a dog was injuring stock animals and did not apply when a

dog was injuring another dog. The court stated that the statute "is designed for stock animals and

it wasn't intended for this particular situation." Report of Proceedings (July 18, 2017) at 90.

However, the trial court recognized that the common law allowed the owner of an animal

to take reasonably necessary action in defense of that animal. The court also recognized, and the

State agreed, that this was a defense that the State was required to disprove beyond a reasonable

doubt. Therefore, the court's to-convict instruction required the State to prove beyond a

reasonable doubt that Wilson's actions "were not in defense of his dog, and were not reasonably

necessary." CP at 31.

The jury found Wilson guilty of first degree animal cruelty. Wilson appeals his conviction.

ANALYSIS

A.     LEGAL PRINCIPLES – DEFENSE OF ANIMAL

RCW 16.52.205(1) states that a person is guilty of first degree animal cruelty when, "except as authorized in law," he or she among other things inflicts substantial pain on or causes physical injury to an animal. Wilson was charged with violation of this statute.

RCW 16.08.020 authorizes a person to kill a dog under certain circumstances.

> It shall be lawful for any person who shall see any dog or dogs chasing, biting, injuring or killing any sheep, swine or other domestic animal, including poultry, belonging to such person, on any real property owned or leased by, or under the control of, such person, or on any public highway, to kill such dog or dogs.

No published Washington case has interpreted this statute.

Apart from the statute, a person has a common law right to kill an animal to defend his or her property. *State v. Burk*, 114 Wash. 370, 371, 195 P. 16 (1921). In *Burk*, the defendant was charged with unlawfully killing two elk that were in the act of destroying his crops. *Id.* The Supreme Court held that the defendant had a constitutional right to kill the elk as long as the killing was reasonably necessary to protect his property. *Id*. at 375-76. The court referred to its holding as the "reasonable necessity rule." *Id.* at 378.

In *Drolet v. Armstrong*, a civil case, the owner of two dogs sued the defendant for killing two of his bird dogs that were in the act of killing the defendant's chickens. 141 Wash. 654, 654-55, 252 P. 96 (1927). The Supreme Court, relying on *Burk,* held that "a person has a natural right to defend and protect his domestic fowls and, in doing so, may kill dogs engaged in injuring and destroying them, if there is reasonable and apparent necessity therefor." *Id.* at 655-56. A concurring opinion expressed the view that the majority did not need to invoke the constitutional

defense discussed in *Burk* because the predecessor statute to RCW 16.08.020 made it lawful to kill the dogs. *Id.* at 658-59 (Fullerton, J., concurring).

More recently, the Supreme Court addressed the killing of animals to protect property in *State v. Vander Houwen*, 163 Wn.2d 25, 177 P.3d 93 (2008). The State charged the defendant with killing several elk that had caused substantial damage to his orchards. *Id.* at 29-31. The trial court rejected the defendant's proposed jury instructions stating that a person who kills an elk in defense of property is not guilty if the killing was reasonably necessary. *Id.* at 31. The court reversed, holding that the instructions approved in *Burk* "continue to be a correct statement of law and should have been given to the jury." *Id.* at 33. The court stated that the defendant had a constitutional right to kill the elk to protect his property if the killing was reasonably necessary. *Id.* at 36.

B.     MOTION TO DISMISS

Wilson argues that the trial court erred in denying his motion to dismiss because as a matter of law, RCW 16.08.020 applied under the facts of this case and provided a defense to the animal cruelty charge. We disagree.[2]

CrR 8.3(c) allows a defendant to "move to dismiss a criminal charge due to insufficient evidence establishing a prima facie case." The motion must be "supported by an affidavit or declaration alleging that there are no material disputed facts and setting out the agreed facts."

---

[2] Initially, the State argues that a ruling on a motion to dismiss under CrR 8.3(c) is not reviewable under RAP 2.2(a). The State relies on authorities stating that a defendant may not appeal as a matter of right from an order denying a motion to dismiss. *E.g.*, *State v. Knapstad*, 107 Wn.2d 346, 357, 729 P.2d 48 (1986); *State v. Brown*, 64 Wn. App. 606, 612, 825 P.2d 350 (1992). But RAP 2.2(a) and the cited cases deal with interlocutory appeals. They do not state that we cannot review a pretrial order as part of an appeal as a matter of right filed after a conviction. RAP 2.4(a)-(b) allows us to review the trial court's decision denying Wilson's motion.

CrR 8.3(c)(1). "The court shall grant the motion if there are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt." CrR 8.3(c)(3).

In order to establish a defense under RCW 16.08.020, the facts must show that the defendant (1) saw a dog "chasing, biting, injuring or killing" (2) any "domestic animal" belonging to the defendant (3) "on any real property owned or leased by, or under the control of," the defendant. RCW 16.08.020. The parties dispute whether the common law requirement that the defendant's action be reasonably necessary should be added to these statutory requirements. But even without the reasonable necessity requirement, Wilson was not entitled to a dismissal of the charges.

Here, Wilson submitted a declaration stating facts sufficient to establish that he saw Dozer biting Little Bit. And as discussed below, the facts were sufficient for the trial court to determine that a pet dog is a "domestic animal" for purposes of RCW 16.08.020. Wilson's declaration stated no facts showing that he owned, leased, or had control over the property where the incident occurred. The declaration stated only that he was practicing at the club, and it did not explain his relationship with the club property. Therefore, the declaration was insufficient to establish that Wilson's shooting of Dozer was lawful under RCW 16.08.020.

We hold that the trial court did not err in denying Wilson's motion to dismiss under RCW 16.08.020.

C.      FAILURE TO GIVE PROPOSED RCW 16.08.020 INSTRUCTION

Wilson argues that the trial court erred in not giving his proposed instruction based on RCW 16.08.020. We agree.

### 1. Standard of Review

In general, a criminal defendant is entitled to a jury instruction on his or her theory of the case. *State v. Henderson*, 192 Wn.2d 508, 512, 430 P.3d 637 (2018). Specifically, the trial court must give an instruction on a defense for which the State has the burden of proof if the evidence supports application of that defense. *See State v. Werner*, 170 Wn.2d 333, 336, 241 P.3d 410 (2010) (addressing self-defense). However, a trial court does not err in refusing to give an instruction that does not correctly state the law. *State v. Gresham*, 173 Wn.2d 405, 424, 269 P.3d 207 (2012). Jury instructions are sufficient if, viewed as a whole, they allow the defendant to argue his or her theory of the case and accurately inform the jury of the applicable law. *Id.*

We generally review the trial court's decisions on jury instructions for an abuse of discretion. *State v. Green,* 182 Wn. App. 133, 152, 328 P.3d 988 (2014). But we review the trial court's refusal to give a requested instruction de novo if based on a ruling of law. *State v. Cordero*, 170 Wn. App. 351, 369, 284 P.3d 773 (2012).

### 2. Statutory Requirements

Here, the trial court refused to give Wilson's proposed instruction based on a ruling that RCW 16.08.020 did not apply under the facts of this case. The parties do not dispute that there was sufficient evidence of two of the requirements of RCW 16.08.020 – Wilson testified that he saw Dozer biting his dog and Wilson provided at least some evidence from which it could be inferred that he had control of the club property at the time of the shooting. But the trial court ruled that a pet dog was not a "domestic animal" for purposes of the statute.[3]

---

[3] By its terms, RCW 16.08.020 applies when a person *kills* a dog. Although Wilson did not kill Dozer, the State does not argue that RCW 16.08.020 does not apply when the person merely injures a dog if the statutory elements are present. Therefore, we do not address this issue.

RCW 16.08.020 states that killing a dog is lawful if that dog is chasing, biting, injuring, or killing a "domestic animal."  The statute does not define "domestic animal."  Nor do other provisions in chapter 16.08 RCW that use the same term.  But we may use a dictionary to determine the plain meaning of an undefined statutory term.  *Nissen v. Pierce County*, 183 Wn.2d 863, 881, 357 P.3d 45 (2015).

One dictionary definition of "domestic" is "belonging to or incumbent on the family." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 671 (2002).  Little Bit certainly belonged to Wilson's family.  And *Black's Law Dictionary* defines a "domestic animal" as "[a]n animal that is customarily devoted to the service of humankind at the place where it normally lives, such as a *dog* or cat."  BLACK'S LAW DICTIONARY 110 (11th ed. 2019) (emphasis added).  Relying on these definitions, we conclude that a pet dog is a "domestic animal" for purposes of RCW 16.08.020.

Wilson presented sufficient evidence at trial to support all three requirements of the RCW 16.08.020 defense.  Therefore, the trial court erred in refusing to give Wilson's proposed instruction on this basis.

3.    Reasonably Necessary Requirement

The State cites to *Burk*, *Drolet*, and *Vander Howen* to argue that RCW 16.08.020 provides a defense to shooting a dog only if a defendant also satisfies an additional common law requirement consistent with *Burk*: that the shooting be "reasonably necessary" to protect the shooter's domestic animal.  Therefore, the State suggests that Wilson's proposed instruction was not a correct statement of the law and that the trial court's to-convict instruction – which included a reasonably necessary requirement – correctly stated the law.  We disagree.

8

A "reasonably necessary" requirement cannot be treated as a fourth requirement for the application of RCW 16.08.020 for two reasons. First, *Burk*, *Drolet*, and *Vander Howen* do not address RCW 16.08.020 or its predecessor statutes. The court in *Burk* identified a *constitutional* right to shoot animals to protect property, and imposed the "reasonably necessary" requirement as a limitation on that right. Nothing in those cases suggest that this requirement can be grafted onto a *statutory* defense to an animal cruelty charge.

Second, in interpreting a statute we must determine and give effect to the plain statutory language. *State v. Larson*, 184 Wn.2d 843, 848, 365 P.3d 740 (2015). The plain language of RCW 16.08.020 does not contain such a "reasonably necessary" requirement. The State argues that without this requirement RCW 16.08.020 will be too broad. But we will not add language to an unambiguous statute even if the legislature may have intended something else but failed to express it adequately. *State v. Chester*, 133 Wn.2d 15, 21, 940 P.2d 1374 (1997).

We hold that the common law "reasonably necessary" requirement cannot be included into the statutory defense to an animal cruelty charge based on RCW 16.08.020. Therefore, the trial court's refusal to give Wilson's proposed RCW 16.08.020 instruction cannot be justified on this basis.

4.    Adequacy of To-Convict Instruction

The State suggests that the trial court's failure to give Wilson's RCW 16.08.020 instruction was harmless because the court's to-convict instruction was adequate to allow Wilson to argue his theory of the case: that he must be acquitted if his actions were in in the defense of his dog. We disagree.

The to-convict instruction allowed the jury to convict Wilson only if the State proved that his "actions were not in defense of his dog, and were not reasonably necessary." CP at 31

9

(instruction 3). As discussed above, the to-convict instruction introduced a reasonably necessary requirement, which is not required to establish a defense under RCW 16.08.020. In addition, RCW 16.08.020 does not require that the person shooting the dog must be acting in "defense" of the domestic animal. The statute requires only that the person see the dog chasing or biting the animal. The instruction essentially forced Wilson to argue a defense of "reasonable necessity," which is not required under RCW 16.08.020.

Accordingly, we conclude that the trial court's error in refusing to give an instruction based on RCW 16.08.020 was not harmless.

CONCLUSION

We reverse Wilson's conviction and remand for further proceedings.

_____
MAXA, C.J.

We concur:

_____
LEE, J.

_____
CRUSER, J.