# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53839-3-II |
| Respondent, | |
| v. | |
| T-JAY DUANE DELO, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. — T-Jay D. Delo appeals his three bail jumping convictions, arguing that the 2020 changes to the bail jumping statute, RCW 9A.76.170, require vacating his convictions. He also argues that the trial court improperly admitted irrelevant and prejudicial evidence contrary to ER 401 and 403. In his statement of additional grounds (SAG) for review, Delo alleges prosecutorial misconduct, ineffective assistance of counsel, speedy trial violation, and various other constitutional violations. Finding no error, we affirm.

## FACTS

The State charged Delo with one count of first degree criminal impersonation for claiming to be his brother when stopped by police. First degree criminal impersonation is a class C felony. RCW 9A.60.040(2).

The trial court released Delo and notified him that he must appear at his arraignment on January 9, 2018. He failed to appear. Delo then failed to appear for a motion to suppress hearing on August 6, 2018 and a motion to suppress hearing on February 25, 2019.

As a result of Delo's failure to appear for his arraignment and the two motion hearings, the State charged Delo with three counts of bail jumping. Delo pleaded guilty to making a false or misleading statement to a public servant, a lesser included offense of first degree criminal impersonation, and proceeded to trial on the bail jumping charges.

Prior to trial, the State filed a motion in limine to exclude evidence that Delo subsequently pleaded guilty to a gross misdemeanor. Delo argued that the jury was required to find every fact of the case and that includes whether Delo was "held for, convicted of a class C felony." Report of Proceedings (RP) (Aug. 6, 2019) at 29. The trial court agreed with the State and excluded evidence that Delo subsequently pleaded guilty to a lesser offense. The court also noted that issues relating to the wording of the jury instructions would be addressed at a later time.

During trial, the State presented evidence, including a copy of the original information, showing that at the time of his failures to appear, Delo was charged with first degree criminal impersonation, a class C felony. Delo did not object.

Delo submitted jury instructions, asking the trial court to instruct the jury to consider whether Delo was "charged with, or convicted of a Class C Felony in each count." Clerk's Papers (CP) at 64. The trial court ultimately instructed the jury that to convict Delo of bail jumping under each count, it must find he "was charged with a class C felony." CP at 103-05. Delo did not object.

The State presented several PowerPoint slides during its closing argument, setting forth the elements of bail jumping and stating that Delo "was charged with a class C felony." CP at 112-14. Delo did not object.

The jury found Delo guilty of all three counts of bail jumping. He appeals.

## ANALYSIS

### I.    RECENT CHANGES TO BAIL JUMPING STATUTE

We first address whether Delo's convictions should be vacated based on recent changes to the bail jumping statute, RCW 9A.76.170. LAWS OF 2020 ch. 19 § 1. Delo argues that the changes to RCW 9A.76.170 apply retroactively to his charges because his appeal is not final. This issue has been recently raised and rejected in *State v. Brake*, 15 Wn. App. 2d 740, 743, 476 P.3d 1094 (2020).

Delo committed his offenses on January 9, 2018, August 6, 2018, and February 25, 2019. At that time, former RCW 9A.76.170 (2001) stated, "Any person having been released by court order or admitted to bail with knowledge of the requirement of a subsequent personal appearance before any court of this state . . . and who fails to appear . . . is guilty of bail jumping."

On March 7, 2020, the legislature amended RCW 9A.76.170. LAWS OF 2020, ch. 19, §§ 1, 2. The law took effect on June 11, 2020. LAWS OF 2020, ch. 19, §§ 1, 2.

Under the prior law, felony bail jumping required only failure to appear "before any court of this state." Former RCW 9A.76.170(1), (3). Under the 2020 law, felony bail jumping requires a person to "fail[] to appear for trial." LAWS OF 2020, ch. 19, § 1(1)(a). The legislature also created a separate section for failure to appear for a court date other than trial and downgraded the crime to either a gross misdemeanor or no crime at all. RCW 9A.76.190. As part of the new crime of failure to appear or surrender for a non-trial court date, the State must either prove that the defendant did not appear and did not move to quash the warrant within thirty days of its issuance or that the defendant had a prior warrant issued for failing to appear in the case. RCW 9A.76.190(1)(b).

3

In *Brake*, we held that because there is no clear legislative intent that the 2020 amendments to the bail jumping statute apply retroactively, "the version of the statute in effect on the date of . . . [the] offense is the one that applies." *Brake*, 15 Wn. App.2d at 747. Based on *Brake*, we conclude former RCW 9A.76.170 applies to Delo's offenses. We now turn to Delo's other contentions.

II.     ALLEGED EVIDENTIARY AND INSTRUCTIONAL ERRORS

For the first time on appeal, Delo contends the trial court abused its discretion by allowing the prosecutor to argue before the jury that Delo was originally charged with a class C felony and by instructing the jury likewise in the to-convict jury instructions. He argues this evidence was irrelevant and prejudicial and should have been excluded under ER 401 and ER 403. Delo has not preserved this issue for review.

A.     Legal Principles

We review evidentiary rulings and the decision to exclude evidence for abuse of discretion. *State v. Garcia*, 179 Wn.2d 828, 846, 318 P.3d 266 (2014). We also generally review instructional errors for abuse of discretion. *State v. Wilson*, 10 Wn. App. 2d 719, 727, 450 P.3d 187 (2019). A trial court abuses its discretion if its decision is manifestly unreasonable or based upon untenable grounds or reasons. *Id.*

Under RAP 2.5(a)(3), a party may not raise an error for the first time on appeal unless it is a "manifest error affecting a constitutional right." "[T]o qualify as a claim of manifest error affecting a constitutional right, the defendant must identify the constitutional error and show that it actually affected his or her rights at trial." *State v. Lamar*, 180 Wn.2d 576, 583, 327 P.3d 46 (2014). ER 401 and 403 are not constitutional rules, thus, defense counsel's "failure to [object below] precludes appellate review." *State v. Ramirez*, 5 Wn. App. 2d 118, 130, 425 P.3d 534

(2018), *review denied*, 192 Wn.2d 1026 (2019). "We adopt a strict approach because trial counsel's failure to object to the error robs the court of the opportunity to correct the error and avoid a retrial." *State v. Powell*, 166 Wn.2d 73, 82, 206 P.3d 321 (2009).

Likewise, under the invited error doctrine, we will not review an alleged error that the party has set up at trial. *State v. Momah*, 167 Wn.2d 140, 153, 217 P.3d 321 (2009). Specifically, a party may not request an instruction and then later complain on appeal that the instruction was given. *State v. Winings*, 126 Wn. App. 75, 89, 107 P.3d 141 (2005).

B.      Issue Not Preserved

Here, Delo argues for the first time that under ER 401 and ER 403, the trial court abused its discretion by admitting evidence that Delo was charged with first degree criminal impersonation, a class C felony. But nowhere in our record does it show an objection below based on ER 401 or ER 403 to this evidence. To the contrary, Delo wanted the jury to determine whether Delo was "held for, convicted of a class C felony." RP (Aug. 6, 2019) at 29. A party cannot set up an error below and then object on appeal. *Momah*, 167 Wn.2d at 153. The invited error doctrine prohibits such action as does RAP 2.5(a).

Delo also challenges the to-convict jury instructions regarding bail jumping because the instructions state that to convict Delo of bail jumping the jury must find he "was charged with a class C felony." CP at 103-05. But Delo proposed a jury instruction with similar wording and did not object on the record to the trial court's jury instructions. For the same reasons discussed above, we will not review an alleged error that the party has set up at trial. *Momah*, 167 Wn.2d at 153.

Because Delo did not object to the challenged evidence or jury instructions below, he may not raise his objections now for the first time on appeal.

III.    SAG Issues

In his SAG, Delo contends he was denied a fair trial based on prosecutorial misconduct. Delo appears to argue that the prosecutor wrongly referred to the first degree criminal impersonation charge during trial; wrongly charged him with bail jumping because it was "fruit from the poisonous tree"; used PowerPoint slides during his closing arguments without first notifying Delo; coerced defense counsel to not allow Delo to testify during trial; and engaged in vindictive and malicious prosecution and prosecutorial bluffing. SAG at 1.

Regarding the allegation that the prosecutor wrongly referenced the first degree criminal impersonation charge, that issue has been adequately raised by counsel and will not be reviewed further. *See* RAP 10.10(a); *State v. Thompson*, 169 Wn. App. 436, 492-93, 290 P.3d 996 (2012) (allegations of error that have been adequately addressed by counsel are not proper matters for a SAG).

Regarding Delo's other prosecutorial misconduct contentions involving the prosecutor's charging decisions, communication with Delo and defense counsel, and motivations, these contentions rely on matters not in our record. We cannot consider matters outside our record. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). "If a defendant wishes to raise issues on appeal that require evidence or facts not in the existing trial record, the appropriate means of doing so is through a personal restraint petition." *Id.*

Next, Delo alleges ineffective assistance of counsel, speedy trial violation, and multiple constitutional violations. But Delo fails to apprise us of the nature of these alleged errors. RAP 10.10(c) states, "the appellate court will not consider a defendant's statement of additional grounds for review if it does not inform the court of the nature and occurrence of alleged errors." Delo's bare assertions are insufficient. Therefore, we decline to review these issues.

6

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur:

_____
Worswick, J.

_____
Lee, C.J.