# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56532-3-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| LAMAR ALEXANDER SMITH, | |
| Appellant. | |

MAXA, J. – Lamar Smith appeals his convictions of attempted second degree child rape and communication with a minor for immoral purposes. The convictions arose from a sting operation in which Washington State Patrol officers posed as a 13-year-old girl with whom Smith exchanged text messages about having sex. Smith was arrested when he arrived at the fictional girl's house to have sex with her.

Smith argues that (1) the trial court's to-convict jury instruction for second degree child rape did not make it clear that the State had to prove that he believed he was texting with a 13-year-old girl and that he intended to have sex with a 13-year-old, and (2) the trial court erred in giving a jury instruction stating that it is not a defense to attempted second degree child rape that the completed crime was factually or legally impossible. However, he did not object to either instruction at trial. We decline to consider Smith's arguments for the first time on appeal because they do not involve manifest constitutional errors under RAP 2.5(a)(3). Accordingly, we affirm Smith's convictions.

FACTS

*Background*

In February 2019, Washington State Patrol detective John Garden posted an online advertisement on Whisper, an anonymous social media platform, posing as a female named Mandy. The advertisement used the nickname "young and fun" and read "someone out there has to be real and down to meet." Report of Proceedings (RP) at 663, 664.

Smith responded to Garden's advertisement, and Smith and Garden started exchanging text messages. Smith eventually stated that he was willing to do whatever Garden wanted, including sex. Garden confirmed that Smith wanted to have sex, and then revealed that "Mandy" was 13 years old and asked if that was a problem for Smith. Smith messaged, "Well in a way but f***ing is f***ing." RP at 897; Ex. 8. The next day Garden sent a photo of a female to Smith, and Smith's response was "I'd def fuxk [sic]." Ex. 8.

At this point, detective Jake Klein took over for Garden and began communicating with Smith as "Mandy." The two continued to talk in detail about having sex. Klein remarked that he was glad that being 13 did not scare off Smith. Smith responded, "you being 13 is probs the lowest age I f***ed." RP at 899; Ex. 12.

Klein provided Smith with an address for "Mandy's" house. Smith arrived at the address, walked up the stairs, and entered the residence. Officers stationed in the house then arrested Smith. Officers searched Smith and found a condom.

The State charged Smith with attempted second degree child rape and communication with a minor for immoral purposes.

*Trial and Jury Instructions*

At trial, detectives Garden and Klein testified regarding the facts above, and the text message exchanges between Smith and Garden/Klein were admitted as exhibits.

Smith testified that he thought Mandy was between 21 and 25 when he first texted her. He thought Mandy was role playing when she said she was 13 years old. He testified that he did not think he was actually communicating with a 13-year-old girl. Smith testified that when he arrived at Mandy's house a grown woman answered the door, who he thought was Mandy.

At the end of the trial, the trial court gave a to-convict jury instruction regarding the attempted second degree child rape charge that stated in part as follows:

> To convict the defendant of the crime of attempted rape of a child in the second degree, in count 1, each of the following elements of the crime must be proved beyond a reasonable doubt:
>
> (1) That on or between February 13, 2019, and February 16, 2019, the defendant did an act that was a substantial step toward the commission of rape of a child in the second degree;
>
> (2) That the act was done with the intent to commit rape of a child in the second degree.

Clerk's Papers (CP) at 133. The court's instruction defined second degree child rape in part as when a person "has sexual intercourse with a child who is at least twelve years old but less than fourteen years old." CP at 127.

The trial court also gave instruction 15, which stated that "[i]t is not a defense to attempted rape of a child in the second degree that the completed crime itself was, under the attendant circumstances, factually or legally impossible of being committed." CP at 134. After providing both parties with the proposed jury instructions, the trial court asked if Smith had any objections to the instructions. Smith's defense counsel stated that there were no objections. In addition, Smith did not propose a different to-convict instruction than the one the court gave.

The jury found Smith guilty of attempted second degree child rape and communication with a minor for immoral purposes. Smith appeals his convictions.

ANALYSIS

A.  LEGAL PRINCIPLES – FAILURE TO OBJECT TO JURY INSTRUCTIONS

Smith challenges two of the trial court's jury instructions. However, Smith did not object to these instructions at trial.

In general, a party who fails to object to the trial court's jury instructions waives a claim of error on appeal. *State v. Richardson*, 12 Wn. App. 2d 657, 666, 459 P.3d 330 (2020). "Our refusal to review unpreserved errors encourages parties to make timely and well-stated objections so the trial court has an opportunity to correct the error." *Id.* In addition, under RAP 2.5(a), we generally will not review claims raised for the first time on appeal. *State v. Robinson*, 171 Wn.2d 292, 304, 253 P.3d 84 (2011).

However, RAP 2.5(a)(3) states that a party is allowed to raise a "manifest error affecting a constitutional right" for the first time on appeal. To determine the applicability of RAP 2.5(a)(3), we inquire whether (1) the error is truly of a constitutional magnitude, and (2) the error is manifest. *State v. Grott*, 195 Wn.2d 256, 267, 458 P.3d 750 (2020). An error is manifest if the appellant shows actual prejudice. *City of Seattle v. Long*, 198 Wn.2d 136, 156, 493 P.3d 94 (2021). The appellant must make a plausible showing that the claimed error had practical and identifiable consequences at trial. *Grott*, 195 Wn.2d at 269. The focus is on whether the error "is so obvious on the record that the error warrants appellate review." *State v. O'Hara*, 167 Wn.2d 91, 100, 217 P.3d 756 (2009).

B.     TO-CONVICT INSTRUCTION

Smith argues that the to-convict instruction for second degree child rape did not make it clear that the State had to prove that he believed he was texting with a 13-year-old girl and that he intended to have sex with a 13-year-old.  We decline to consider this argument for the first time on appeal.

To convict a defendant of second degree child rape, the State must prove beyond a reasonable doubt that the defendant had "sexual intercourse with another who is at least twelve years old but less than fourteen years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim."  Former RCW 9A.44.076(1) (1990).  A person is guilty of attempting to commit a crime if, "with intent to commit a specific crime, he or she does any act which is a substantial step toward the commission of that crime."  RCW 9A.28.020(1).

Here, instruction 14 specifically told the jury that it had to find that Smith took a substantial step towards the commission of second degree child rape.  And instruction 8 outlined the elements of second degree child rape:

> A person commits the crime of rape of a child in the second degree when the person has sexual intercourse with a child who is at least twelve years old but less than fourteen years old, who is not married to the person, and who is at least thirty-six months younger than the person

CP at 127.  This instruction was copied almost verbatim from RCW 9A.44.076(1), and was identical to WPIC 44.12.[1]  The instruction informed the jury of the age the victim needed to be in order to convict – someone who is at least 12 but under 14 years old.

Instruction 14, the to-convict instruction, stated that the State had to prove beyond a reasonable doubt that (1) Smith did an act that was a substantial step toward the commission of

---

[1] 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS CRIMINAL: 44.12, at 938 (4th ed. 2016).

second degree child rape, and (2) the act was done with the intent to commit second degree child rape. This instruction is based on WPIC 100.02.[2] Combined with the definition of second degree child rape in instruction 8, instruction 14 informed the jury that it had to find that Smith intended to have sexual intercourse with a child who was between 12 and 14 years old in order to convict him.

Smith argues that the instruction should have explained that the jury had to find that he thought he was texting with a 13-year-old and intended to have sex with a 13-year-old. But that is exactly what instructions 8 and 14 stated. In order to intend to commit second degree child rape under those instructions, Smith had to intend to have sex with someone between the ages of 12 and 14. This necessarily meant that Smith thought that the person with whom he intended to have sex was between those ages.

Jury instructions are sufficient if, viewed as a whole, they properly state the law and allow the parties to argue their theories of the case. *State v. Wilson*, 10 Wn. App. 2d 719, 727, 450 P.3d 187 (2019). The to-convict instruction allowed Smith to argue his theory – that he did not believe that "Mandy" was 13 years old. Therefore, we conclude that giving the to-convict instruction was not manifest error.

Because there was no manifest constitutional error, we decline to consider Smith's challenge to the to-convict instruction.

C.      FACTUALLY OR LEGALLY IMPOSSIBLE INSTRUCTION

Smith argues that the trial court erred in giving a jury instruction stating that it is not a defense to attempted second degree child rape that the completed crime was factually or legally

---

[2] 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS CRIMINAL: 100.02, at 492 (4th ed. 2016).

impossible. Smith argues that this instruction 15 was an incorrect statement of law and an improper comment on the evidence. We decline to consider this argument for the first time on appeal.

Under article IV, section 16 of the Washington Constitution, "[j]udges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law." This provision prohibits judges from conveying their personal opinions on the merits of the case to the jury. *State v. Higgins*, 168 Wn. App. 845, 859, 278 P.3d 693 (2012). An instruction that accurately states the law as it pertains to an issue in the case does not constitute an impermissible comment on the evidence. *Id.* at 859-60.

Instruction 15 was not an incorrect statement of the law. RCW 9A.28.020(2) states that "it is no defense to a prosecution of such attempt that the crime charged to have been attempted was, under the attendant circumstances, factually or legally impossible of commission." Jury instruction 15 is almost identical to the statutory language. And the Supreme Court has expressly held that there is no impossibility defense with regard to attempted crimes against minors. *State v. Johnson*, 173 Wn.2d 895, 900-01, 270 P.3d 591 (2012); *State v. Patel*, 170 Wn.2d 476, 483-85, 242 P.3d 856 (2010).

Smith argues that instruction 15 was improper because he did not argue that he could not be convicted because the victim was fictitious. But that fact is immaterial when the jury legitimately might wonder whether Smith could attempt to rape a fictitious person. The instruction was necessary to fully explain the law in this situation.

Smith also claims that instruction 15 stated that there are no defenses available when the victim is fictitious. But instruction 15 did not say that no defenses were available. The instruction stated only that impossibility was not a defense.

We conclude that giving instruction 15, which was a correct statement of the law, was not manifest error. Because there was no manifest constitutional error, we decline to consider Smith's challenge to instruction 15.

## CONCLUSION

We affirm Smith's convictions of attempted second degree child rape and communication with a minor for immoral purposes.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.


We concur:

_____
CRUSER, A.C.J.

_____
VELJACIC, J.