**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| WASHINGTON EDUCATION ASSOCIATION, SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 925, INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 609, INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 117, WASHINGTON PUBLIC EMPLOYEES ASSOCIATION, WASHINGTON NURSES ASSOCIATION, PROTEC 17, AMERICAN FEDERATION OF TEACHERS, WASHINGTON and WASHINGTON FEDERATION OF STATE EMPLOYEES, labor organizations,<br><br>Respondents,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF RETIREMENT SYSTEMS and WASHINGTON OFFICE OF FINANCIAL MANAGEMENT,<br><br>Respondents,<br><br>FREEDOM FOUNDATION,<br><br>Petitioner. | No. 83343-0-I<br><br>DIVISION ONE<br><br>PUBLISHED OPINION |

ANDRUS, A.C.J. — The Freedom Foundation (Foundation) challenges a preliminary injunction prohibiting the Department of Retirement Services (DRS)

No. 83343-0-I/2

and the Office of Financial Management (OFM) from releasing the full names and dates of birth of public employees under RCW 42.56.230(3) of the Public Records Act (PRA).

We conclude that a recent amendment to RCW 42.56.250(8) prohibits DRS and OFM from disclosing the month and year of birth of any public employee unless the Foundation can establish that it is a member of the "news media." We cannot resolve that factual issue here because it has yet to be litigated below. If the Foundation is able to meet its burden of proof under RCW 42.56.250(8), then the trial court's determination that the data is exempt from disclosure under RCW 42.56.230(3)'s privacy exemption would remain at issue. We therefore conclude the amendment of RCW 42.56.250(8) does not render this appeal moot. We further conclude that the trial court erred in holding that public employee birthdates, when linked to their names, are exempt under RCW 42.56.230(3).

We reverse the preliminary injunction to the extent it is premised on RCW 42.56.230(3). We remand for the trial court to determine whether to enter a preliminary injunction based on RCW 42.56.250(8) and to determine whether the Foundation qualifies as "news media" and is entitled to the requested data under that statutory provision.

FACTS

The Foundation is a nonprofit organization seeking to promote "individual liberty, free enterprise, and limited, accountable government." The Foundation advocates for public sector labor union reform and transparency, a part of which involves informing public employees of their constitutional and statutory rights to

- 2 -

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

opt out of union membership. To identify its public employee audience, the Foundation has submitted several PRA requests to government agencies seeking the personally identifying information of unionized employees.

Unions representing these employees have resisted the Foundation's efforts by initiating lawsuits seeking to enjoin the disclosure of information they deem private. For example, in Service Employees International Union Local 925 v. Department of Early Learning, 194 Wn.2d 546, 450 P.3d 1181 (2019) (DEL), unions brought suit to prevent the Foundation from obtaining the names and addresses of individuals providing subsidized childcare under Washington's Working Connections Child Care program. In that case, the Supreme Court held that RCW 43.17.410(1) prevented the Foundation from accessing personal information of in-home caregivers or vulnerable populations. Id. at 558.

That same year, in Washington Public Employees Ass'n v. Washington State Center For Childhood Deafness & Hearing Loss, 194 Wn.2d 484, 490, 450 P.3d 601 (2019) (WPEA), the Foundation submitted PRA requests to several state agencies seeking the disclosure of unionized employees' names, associated birth dates, and agency work email addresses. The unions argued that RCW 42.56.230(3), which exempts from disclosure "[p]ersonal information in files maintained for employees, appointees, or elected officials of any public agency to the extent that disclosure would violate their right to privacy," applied to their members' names when linked to their full dates of birth. 194 Wn.2d at 496. Our Supreme Court, in a 5 to 4 decision, held that the disclosure of birth dates

No. 83343-0-I/4

associated with public employees' names would not violate the employees' right to privacy under RCW 42.56.230(3). Id. at 508.

On February 28, 2020, the Foundation crafted two PRA requests to conform to the Supreme Court's ruling in WPEA and sought the disclosure of names and birthdates of certain public employees. The Foundation's request to DRS sought the full name and full date of birth of any public employee participating in the Teachers' Retirement System (TRS) or School Employees' Retirement System (SERS). Its request to OFM sought the full name and full date of birth of every state employee employed in a union-represented bargaining unit.[1] The Foundation sought the data to "contact public employees about their constitutional and statutory rights regarding union membership, dues payment and representation."

Both agencies notified the affected labor unions that, in the absence of an injunction, they would release the records on April 10, 2020 and April 30, 2020, respectively.

On March 1, 2020, the day after the Foundation submitted its requests, Substitute House Bill (SHB) 1071 went into effect. This legislation amended RCW 42.56.590 to require any public agency that owns, maintains or licenses personal data to notify Washington residents when their personal information was accessed in a data security breach. SUBSTITUTE H.B. 1071, 66TH LEG., REG. SESS. (Wash. 2019); RCW 42.56.590(1). RCW 42.56.590(10) now provides in pertinent part:

---

[1] The Foundation's request excluded ferry system employees, employees represented by either the Washington State Patrol Lieutenants and Captains Association or the Washington State Patrol Troopers Association, undercover officers, and employees of community colleges or public four-year universities.

- 4 -

(a) For purposes of this section, "personal information" means:
(i) An individual's first name or first initial and last name in combination with any one or more of the following data elements:
. . . .
(D) Full date of birth . . . .

On March 26, 2020, several labor organizations (the Unions)[2] representing public employees covered by the Foundation's requests filed a complaint and sought to enjoin release of the public employees' names linked to their dates of birth. The Unions argued that the 2020 amendment to RCW 42.56.590(10), defining "personal information" as including a name linked to a full date of birth, effectively amended RCW 42.56.230(3) and made the release of such information a violation of the employees' right to privacy.

On April 8, 2020, the trial court issued the preliminary injunction. The trial court found that the disclosure of the employees' names in conjunction with their full dates of birth would violate their right of privacy, was not in the public interest, and would cause irreparable harm to union members. The preliminary injunction enjoined DRS and OFM from "releasing or disclosing the names in conjunction with full dates of birth."

The trial court granted the Foundation's motion to certify the case for interlocutory appeal. Division Two of this court granted discretionary review under

---

[2] This group was initially comprised of Washington Education Association (WEA), Service Employees International Union Local 925 (SEIU 925), and International Union of Operating Engineers, Local 609 (IUOE 609), but International Brotherhood of Teamsters, Local 117 (Teamsters 117), Washington Public Employees Association (WPEA), Washington Nurses Association (WSNA), PROTEC 17, American Federation of Teachers (AFT) and Washington Federation of State Employees (WFSE) later joined the amended complaint.

No. 83343-0-I/6

RAP 2.3(b)(4), concluding that the preliminary injunction involved a controlling question of law over which there is substantial ground for a difference of opinion.

On June 11, 2020, while this appeal was pending, the state legislature amended RCW 42.56.250. See SECOND SUBSTITUTE H.B. 1888, 66th Leg., Reg. Sess. (Wash. 2020). As amended, this provision now reads:

> The following employment and licensing information is exempt from public inspection and copying under this chapter: . . .
>
> (8) Photographs and <u>month and year of birth in the personnel files of employees</u> or volunteers of a public agency, including employees and workers of criminal justice agencies as defined in RCW 10.97.030. The news media, as defined in RCW 5.68.010(5), shall have access to the photographs and full date of birth.

RCW 42.56.250(8) (emphasis added). The Unions contend that this statutory provision renders the Foundation's appeal moot and ask us to dismiss the appeal.

ANALYSIS

A.     Mootness

The Unions contend that the trial court's preliminary injunction, premised on the privacy exemption in RCW 42.56.230(3), is now moot because RCW 42.56.250(8) clearly prevents DRS and OFM from disclosing public employee birth dates to the Foundation. The Foundation argues, however, that this appeal is not moot for three reasons. First, it argues that the amendment to RCW 42.56.250(8) does not apply retroactively to its pre-existing PRA requests. Second, it maintains that if the statute applies, it is entitled to invoke the "news media" exception to that statutory exemption. Finally, it contends that if it is entitled to the birth date information under RCW 42.56.250(8), this court should address whether the information is otherwise exempt from disclosure under RCW 42.56.230(3). We

- 6 -

No. 83343-0-I/7

reject the Foundation's retroactivity argument but agree that it must be afforded the opportunity to litigate its status as a member of the news media. And we conclude that given the possibility that RCW 42.56.250(8) may permit disclosure to the Foundation, the trial court's interpretation of the privacy exemption of RCW 42.56.230(3) remains at issue. This appeal is thus not moot.

1.    Retroactivity of RCW 42.56.250(8)

The Foundation argues first that we cannot apply the new exemption in RCW 42.56.250(8) to its pre-existing PRA requests because the statute cannot be applied retroactively. We reject this argument as inconsistent with Supreme Court precedent.

Determining whether a statute is retroactive or prospective is a question of law that we review de novo. State v. Brake, 15 Wn. App. 2d 740, 743, 476 P.3d 1094 (2020).

A newly enacted statute generally applies to all cases pending on direct appeal and not yet final. State v. Jefferson, 192 Wn.2d 225, 246, 429 P.3d 467 (2018) (citing Landgraf v. USI Film Products, 511 U.S. 244, 275, 114 S. Ct. 1483, 128 L. Ed. 2d 229 (1994); State v. Pillatos, 159 Wn.2d 459, 470, 150 P.3d 1130 (2007); State v. Blank, 131 Wn.2d 230, 248, 930 P.2d 1213 (1997)). Because the Foundation's case is before us on direct appeal and is not yet final, we presume the recently amended RCW 42.56.250(8) applies to this case.

But statutes also generally apply only prospectively unless the legislature expresses a contrary intent. Jefferson, 192 Wn.2d at 245. There is no express

intent in RCW 42.56.250(8) that it applies retroactively, as the Foundation correctly notes.

But in Jefferson, our Supreme Court held that amendments to statutes and court rules may apply to a pending appeal "if the 'triggering event' to which the new enactment might apply has not yet occurred." 192 Wn.2d at 246. If the "triggering event" for the application of the statute or court rule occurred before the effective date of the amendment, the court would not apply it to a pending case. Id. If the "triggering event" for the application of the statute or court rule occurred or will occur after the statute's effective date, then the statute applies prospectively to the case. Id.

The Foundation contends that the triggering event here was its PRA requests to DRS and OFM, events that preceded the effective date of SSHB 1888. While the government agencies' obligation to respond to the Foundation's PRA requests may have originated from those requests, the date of the requests is not determinative. "A statute operates prospectively when the precipitating event for the application of the statute occurs after the effective date of the statute, even though the precipitating event had its origin in a situation existing prior to the enactment of the statute." Aetna Life Ins. Co. v. Wash. Life & Disability Ins. Guar. Ass'n, 83 Wn.2d 523, 535, 520 P.2d 162 (1974). To determine what event precipitates or triggers the application of the statute, we look to the subject matter regulated by that statute. In re Pers. Restraint of Carrier, 173 Wn.2d 791, 809, 272 P.3d 209 (2012).

Relying on DEL, the Unions and the state agencies argue that the "triggering event" is not the Foundation's PRA requests, but is instead each agency's release of the requested records. We agree.

In DEL, the Foundation submitted a records request to the Department of Early Learning (Department) seeking the full name, work address, and work email address for individuals who provided subsidized childcare under Washington's Working Connections Child Care program. Id. at 549. After the Foundation submitted its request, but before the Department released the records, Washington voters approved Initiative 1501 (I-1501), which prohibited the release of personal information about vulnerable individuals or their in-home caregivers, information that was responsive to the Foundation's request. Id. at 549-50. Before the law took effect, a labor organization for the childcare workers filed a complaint seeking to enjoin the release of the records. Id. at 550. The trial court denied the request but ordered the Department to delay releasing the records pending appeal. Id.

On appeal, the Foundation argued that it was entitled to the requested records because I-1501 did not apply to PRA requests predating the effective date of the initiative. Id. at 552. Our Supreme Court rejected this argument and held that a public records request does not create a vested right safeguarded from retroactive infringement. Id. at 554-55. The court noted that "[b]ecause a PRA request does not create a vested right, it is not entitled to any special judicial protection against changes in the law—the legislative branch has the right to frustrate a pending PRA request." Id. at 555. The Supreme Court concluded that the triggering event under the initiative was the government's release of records,

not the request for those records. Because the Department had yet to respond to the pending PRA request, the PRA exemption in effect on the date of release applied. Id. at 558.

DEL is analogous to this case. First, RCW 42.56.250 states that "[t]he following employment . . . information is exempt from public inspection and copying under this chapter . . . ." (Emphasis added). Like I-1501, the focus of the statute is the regulation of disclosures or information, not requests for that information. Second, the purpose of SSHB, like I-1501, is to protect individuals from being victimized by the disclosure of their personal data. Finally, as in DEL, the amendment did not carve out an exception for pending PRA requests. 194 Wn. 2d at 557. The triggering event under SSHB 1888 and RCW 42.56.250(8) is the government's act of making records available for public inspection, an event yet to occur. Under DEL, the amendment governs the state agencies' response to the Foundation's PRA requests.

We conclude that RCW 42.56.250(8) applies to the Foundation's PRA requests to DRS and OFM.

2.    News Media Exception

At oral argument in this case, the Foundation asserted that if RCW 42.56.250(8) applies, it is nevertheless entitled to the birthdate data as a member of the "news media." Wash. Court of Appeals oral argument, WA Education Association, et. al. v. Dept. of Retirement Systems, No. 83343-0 (Jan. 14, 2022) at 5 min., 29 sec. to 5 min., 53 sec. Under this exemption, the government must disclose public employee birth date data to any entity "in the regular business of

- 10 -

No. 83343-0-I/11

news gathering and disseminating news information to the public by any means" within the meaning of RCW 5.68.010(5). Green v. Pierce County, 197 Wn.2d 841, 851, 487 P.3d 499 (2021). The Foundation bears the burden of proving the news media exception. Id. at 852.

But this issue was not raised below because the statute on which the Unions now rely went into effect after this interlocutory appeal was accepted. We cannot, on the record before us, resolve the Foundation's assertion that it is a member of the new media. This issue should be resolved by the trial court on remand.

3.      Relevance of RCW 42.56.230(3) Exemption on Remand

The Foundation argues that we should decide whether the trial court erred in interpreting RCW 42.56.230(3) because this privacy exemption may become relevant on remand if it establishes it is a member of the news media. We agree.

An appeal is moot when a court can no longer provide effective relief. SEIU Healthcare 775NW v. Gregoire, 168 Wn.2d 593, 602, 229 P.3d 774 (2010). Here, we cannot conclude that RCW 42.56.250(8) precludes DRS and OFM from disclosing public employee birth date data to the Foundation until the trial court resolves the news media exception. If the trial court were to conclude that the exception applies, then the privacy exemption under RCW 42.56.230(3) could provide an alternative avenue for withholding the same information. We therefore can provide effective relief to the Foundation in this appeal by resolving the scope of that statutory exemption.

Because the trial court's interpretation of RCW 42.56.230(3) remains at issue in this case, the Foundation's appeal is not moot.

B.    RCW 42.56.230(3)

The Foundation argues that the trial court erred in concluding that RCW 42.56.230(3) exempts public employee birthdates from disclosure by DRS and OFM.  We agree.

Whether requested records are exempt from disclosure presents a legal question that is reviewed de novo.  Resident Action Council v. Seattle Hous. Auth., 177 Wn.2d 417, 428, 327 P.3d 600 (2013); RCW 42.56.550(3).

The PRA exempts from disclosure "[p]ersonal information in files maintained for employees, appointees, or elected officials of any public agency to the extent that disclosure would violate their right to privacy."  RCW 42.56.230(3).  RCW 42.56.230 does not define "personal information," but our Supreme Court held that the disclosure of public employee birthdates did not violate their right to privacy and thus was not exempt from disclosure under RCW 42.56.230(3).  WPEA, 194 Wn.2d at 502.

Despite this ruling, the trial court granted the Unions' motion for a preliminary injunction, concluding that "disclosure of names in conjunction with full date of birth would violate the right of privacy under RCW 42.56.230(3)."  The court relied on the new definition of personal information found in RCW 42.56.590:

> (5) . . . RCW 42.56.590(10)(a)(i)(D), included as part of the Public Records Act, as amended, includes names in conjunction with full dates of birth as "personal information," and in enacting SHB 1071, the Legislature has recognized the danger of identity theft;
>
> (6) . . . RCW 42.56.590 must be harmonized with RCW 42.56.230(3) and that the sections must be read together as an integrated whole . . . .

- 12 -

No. 83343-0-I/13

This statutory construction ignores critical language in the statute. RCW 42.56.590, entitled "Personal information—Notice of security breaches," requires agencies to provide notice to any individual whose personal information is maintained by the state when their information is acquired in an unauthorized data breach. As amended, the statute reads, in relevant part:

> (10)(a) <u>For purposes of this section</u>, "personal information" means:
>     (i) An individual's first name or first initial and last name in combination with any one or more of the following data elements:
>     . . . .
>     (D) Full date of birth. . . .

RCW 42.56.590 (emphasis added). The plain language of RCW 42.56.590(10)(a) clearly limits its application to the security breach context. Whenever possible, we give meaning to every word and phrase the legislature uses. <u>Spokane County v. Dep't of Fish & Wildlife</u>, 192 Wn.2d 453, 458, 430 P.3d 655 (2018); see <u>Whatcom County v. City of Bellingham</u>, 128 Wn.2d 537, 546, 909 P.2d 1303 (1996) ("Statutes must be interpreted and construed so that all the language used is given effect, with no portion rendered meaningless or superfluous."). If RCW 42.56.590(10)'s "personal information" definition applied to all provisions of the PRA, the language "for purposes of this section" would be superfluous.

In the absence of clear legislative action to the contrary, the holding in <u>WPEA</u> controls here and RCW 42.56.230(3) does not exempt public employee birthdates from disclosure. The trial court erred in concluding otherwise.

We reverse the preliminary injunction premised on RCW 42.56.230(3). We remand for the trial court to determine whether to enter a preliminary injunction based on RCW 42.56.250(8) and to determine whether the Foundation qualifies

- 13 -

No. 83343-0-I/14

as "news media" and is entitled to the requested data under that statutory provision.

Reversed and remanded.

_Andrus, A.C.J._

WE CONCUR:

_Coburn, J._          _Brennan, J_