# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56002-0-II |
| Respondent, | |
| v. | |
| LEVI GARY HUNT, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, C.J.—Levi Gary Hunt appeals his conviction for failure to surrender. Hunt's court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for good faith argument on review. We agree, grant the motion to withdraw, and dismiss the appeal.

On April 23, 2021, Hunt pleaded guilty to a misdemeanor offense in Lewis County. The trial court ordered Hunt to surrender to serve his sentence by 4:00 p.m. on May 4. The judgment and sentence stated that Hunt had "been warned that should [he] not be in custody . . . by the date and time indicated, then that failure may constitute Bail Jumping." Ex. 4.[1] Hunt signed this document.

---

[1] Although this document refers to the crime of bail jumping, the legislature amended the statute defining "bail jumping" in 2020 to apply only when a defendant fails to appear for trial or fails to appear or surrender when they have been charged with or convicted of a violent offense or sex offense. *See* RCW 9A.76.170; LAWS OF 2020, ch. 19, § 1. Also in 2020, the legislature created a separate and lesser offense of failure to appear or surrender that now applies to all other circumstances. *See* RCW 9A.76.190; LAWS OF 2020, ch. 19, § 2. The offense at issue here is failure to surrender in violation of RCW 9A.76.190, not the similar offense of bail jumping in violation of RCW 9A.76.170.

On April 30, Hunt was arrested in Cowlitz County for violating a no contact order. Because he was detained in the Cowlitz County Jail, Hunt failed to surrender in Lewis County on May 4. After a review hearing on May 6, the trial court issued a bench warrant. On May 10, Hunt was transported directly from the Cowlitz County Jail and booked into the Lewis County Jail on this warrant. The next day, May 11, the State charged Hunt with failure to surrender.

The State moved in limine to prohibit any testimony about the reason Hunt failed to surrender "without first making an offer of proof . . . that such testimony would be relevant to establishing an affirmative defense as outlined in [RCW] 9A.76.190(2)."[2] Clerk's Papers (CP) at 4. Hunt's counsel explained that during his conversations with Hunt, Hunt had "maintained his innocence" regarding the Cowlitz County charge and represented that the allegations leading to his arrest "didn't happen." Verbatim Report of Proceeding (VRP) (July 2, 2021) at 15. Accordingly, Hunt planned to argue that circumstances outside his control prevented his surrender.

The trial court responded that it had reviewed the police report and probable cause statement filed in the Cowlitz County case and that those documents showed Hunt admitted to police he knowingly violated a no contact order. Based on those facts, the trial court granted the State's motion in limine and ruled Hunt was not entitled to present evidence that he had been in jail at the time of his report date in support of an affirmative defense, subject to reconsideration if

---

[2] RCW 9A.76.190(2) provides, "It is an affirmative defense to a prosecution under this section that uncontrollable circumstances prevented the person from appearing or surrendering, that the person did not contribute to the creation of such circumstances by negligently disregarding the requirement to appear or surrender, and that the person appeared or surrendered as soon as such circumstances ceased to exist."

Hunt presented different facts. Our record does not show that Hunt ever presented different facts or raised this issue again.

At trial, a court clerk testified that the court issued a bench warrant on May 6 and Hunt never filed a motion to quash this warrant. The trial court admitted a booking sheet from the Lewis County Jail dated May 10, 2021 and a booking photograph that the jail's records custodian testified depicted Hunt. After the parties rested, the State asked to reopen its case because nobody had identified the defendant as Hunt. Over Hunt's objection, the trial court granted this request, and everyone in the courtroom momentarily lowered their masks to allow for an identification of the defendant.

The trial court instructed the jury that to convict Hunt of failure to surrender, it had to find beyond a reasonable doubt that Hunt had been convicted of a gross misdemeanor or misdemeanor offense and released "with knowledge of the requirement to report to a correctional facility for service of sentence" and that Hunt failed to surrender as required. CP at 41. Additionally, the jury was instructed that it had to find beyond a reasonable doubt that Hunt "did not make a motion to quash the warrant issued for his failure to surrender within 30 days of the issuance of the warrant." *Id.* Hunt's closing argument emphasized that the State charged him with this offense before he ever had a chance to quash the warrant. The jury found Hunt guilty.

Hunt appealed his conviction and was appointed counsel. Counsel then filed a motion to withdraw, asserting they found no good faith basis for an argument on review. *See* RAP 15.2(i), 18.3(a)(2). Pursuant to *State v. Theobald*, 78 Wn.2d 184, 470 P.2d 188 (1970), and *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), the motion to withdraw must

"be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed [them] to raise any points that [they] choose[]; *the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.*"

*State v. Hairston*, 133 Wn.2d 534, 538, 946 P.2d 397 (1997) (boldface omitted) (quoting *Anders*, 386 U.S. at 744). This procedure has been followed. Hunt did not file a statement of additional grounds for review.

We have reviewed the briefs filed in this court and have independently reviewed the entire record. We considered the following potential issues raised by counsel: (1) whether the State presented sufficient evidence, (2) whether the trial court erred when it ruled Hunt could not establish an affirmative defense, (3) whether the trial court's instructions relieved the State of its burden of proof on an essential element, and (4) whether the trial court erred when it allowed the State to reopen its case after the parties had rested. After review, we conclude that this appeal is wholly frivolous as there is no issue that presents a reasonable possibility of reversal.

First, evidence is sufficient to sustain a criminal conviction if, viewing the evidence in the light most favorable to the State, "'any rational trier of fact could have found guilt beyond a reasonable doubt.'" *State v. Frahm*, 193 Wn.2d 590, 595, 444 P.3d 595 (2019) (quoting *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992)). To convict Hunt of failure to surrender, the State needed to prove that Hunt failed to surrender for service of his sentence as required *and* either that he did not move to quash the warrant within 30 days of its issuance or that he had a prior warrant issued in the same case. RCW 9A.76.190(1)(a)-(b); *State v. Brake*, 15 Wn. App. 2d 740, 744, 476 P.3d 1094 (2020). Here, it is undisputed that Hunt failed to surrender on May 4, and it is undisputed that Hunt failed to move to quash the warrant within 30 days. Under the plain language

of the statute, there was sufficient evidence to support Hunt's conviction because any rational trier of fact could have found guilt beyond a reasonable doubt.

Second, a defendant is entitled to request that the trial court instruct the jury on an affirmative defense, unless they fail to produce credible evidence in support of that defense. *State v. Fisher*, 185 Wn.2d 836, 848-49, 374 P.3d 1185 (2016). It is an affirmative defense to the charge of failure to surrender "that uncontrollable circumstances prevented the person from appearing or surrendering, that the person did not contribute to the creation of such circumstances by negligently disregarding the requirement to appear or surrender, and that the person appeared or surrendered as soon as such circumstances ceased to exist." RCW 9A.76.190(2). "Uncontrollable circumstances" include "an act of nature . . . , a medical condition that requires immediate hospitalization or treatment, or an act of a human being such as an automobile accident or threats of death, forcible sexual attack, or substantial bodily injury" where "there is no time for a complaint to the authorities and no time or opportunity to resort to the courts." RCW 9A.76.010(4).

Here, Hunt failed to surrender because he was incarcerated in another county on his report date. Although Hunt's counsel initially believed Hunt would testify that he did not commit the offense that resulted in his arrest, meaning Hunt could not control and did not contribute to the circumstances that prevented his surrender, the trial court relied on a probable cause statement and police report filed after Hunt's arrest, which recited admissions Hunt had made to police, to disagree with that theory. Based on that evidence, the trial court ruled, subject to reconsideration, that Hunt was not entitled to present this affirmative defense. Hunt never requested reconsideration of this ruling or produced evidence in support of the defense.

Third, "to-convict jury instructions must instruct the jury on every essential element of the crime," but that does not mean they "must present elements verbatim from a statute." *State v. Bergstrom*, 199 Wn.2d 23, 38, 502 P.3d 837 (2022). Even an omission of an essential element is harmless error if it did not contribute to the verdict. *State v. Gonzalez*, 2 Wn. App. 2d 96, 112, 408 P.3d 743 (2018). Such an error did not contribute to the verdict if the element was "'supported by uncontroverted evidence'" and we can "'conclude beyond a reasonable doubt that the jury verdict would have been the same absent the error.'" *Id.* at 113 (internal quotation marks omitted) (quoting *State v. Clark-El*, 196 Wn. App. 614, 620, 384 P.3d 627 (2016)).

To be guilty of failure to surrender, a person must have "received written notice . . . of the requirement to report to a correctional facility for service of sentence." RCW 9A.76.190(1)(a). Here, the jury was instructed that it had to find Hunt was released "with knowledge of the requirement to report to a correctional facility for service of sentence." CP at 41. Even if the instruction given were erroneous, any error was harmless. The trial court admitted the judgment and sentence showing that Hunt was required to report for service of his sentence on May 4, which Hunt had signed. Hunt did not object to or otherwise challenge this document. The element requiring written notice of the requirement to report was supported by uncontroverted evidence, and we conclude beyond a reasonable doubt that any instructional error in this case did not contribute to the verdict.

Fourth, the decision to reopen a proceeding and allow additional evidence is within the trial court's discretion. *State v. Wood*, 19 Wn. App. 2d 743, 768, 498 P.3d 968 (2021), *review denied*, 199 Wn.2d 1007 (2022). We will not disturb the trial court's ruling, except upon a showing of "both a manifest abuse of discretion and resulting prejudice." *Id.* The trial court here did not abuse

6

its discretion when it allowed the State to briefly reopen its case for the limited purpose of lowering masks and permitting an in-court identification of the defendant, given the unique circumstances presented by the COVID-19 pandemic. Moreover, it is unlikely this resulted in any prejudice because Hunt's booking photograph had already been admitted and he had already stipulated to the underlying misdemeanor conviction.

The potential issues raised by counsel are wholly frivolous. Therefore, the motion to withdraw is granted, and Hunt's appeal is dismissed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Glasgow, C.J.

We concur:

_____
Worswick, J.

_____
Price, J.