# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56533-1-II |
| Respondent, | |
| v. | |
| ALYSE MARIE WAGNER, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, J. —Alyse Wagner appeals her conviction for bail jumping. The State charged Wagner with bail jumping and first degree criminal impersonation. The bail jumping charge was based on a missed court hearing in January 2020. While she was awaiting trial, the legislature adopted an amendment to the bail jumping statute, adding language providing that a person is guilty of bail jumping if he or she fails to appear for trial. The amendment took effect in June 2020. Wagner moved to dismiss the bail jumping charges based on the statutory amendment. The court denied her motion. Ultimately, the jury convicted her of bail jumping and first degree criminal impersonation.

We hold that the changes to RCW 9A.76.170 do not apply retroactively to Wagner's bail jumping charge. Consequently, we affirm.

### FACTS

In December 2019, the State charged Wagner with first degree criminal impersonation and unlawful possession of a controlled substance. That month, Wagner entered an agreed order of

trial continuance with the State, wherein she agreed to attend a "first look" hearing on January 21, 2020. Exhibit 6A. That order included the following language: "***FAILURE TO APPEAR MAY RESULT IN ISSUANCE OF AN ARREST WARRANT, FORFEITURE OF BAIL, AND CRIMINAL PROSECUTION FOR BAIL JUMPING.***" *Id*.

Wagner failed to appear at the aforementioned hearing. The State then filed a second amended information, adding one count of bail jumping under former RCW 9A.76.170 (2001), and dropping the unlawful possession of a controlled substance charge. While Wagner was awaiting trial, the state legislature amended former RCW 9A.76.170(1), adding the requirement that, to be guilty of bail jumping, the defendant must "fail[] to appear for *trial* as required." LAWS OF 2020, ch. 19, § 1 (emphasis added). The amendment took effect in June 2020. *Id*.

Wagner moved to dismiss her bail jumping charge based on the amendments to former RCW 9A.76.170. The trial court denied her request. RP at 36. The matter proceeded to a jury trial on October 11, 2021, and the jury convicted Wagner of first degree criminal impersonation and bail jumping.

Wagner appeals her conviction for bail jumping.

ANALYSIS

Wagner argues that the trial court erred by not dismissing her bail jumping conviction. She argues that the amendments to former RCW 9A.76.170 require the State to prove that she failed to appear for trial, not a pretrial hearing, and that the amendments apply retroactively, or at least to all cases pending on direct appeal. We disagree.

We review de novo whether a statute applies retroactively. *State v. Brake*, 15 Wn. App. 2d 740, 743, 476 P.3d 1094 (2020). RCW 10.01.040 provides, "No offense committed and no penalty

2

or forfeiture incurred previous to the time when any statutory provision shall be repealed, whether such repeal be express or implied, shall be affected by such repeal, unless a contrary intention is expressly declared in the repealing act." To that end, "statutes generally apply prospectively from their effective date unless a contrary intent is indicated." *State v. Jefferson*, 192 Wn.2d 225, 245, 429 P.3d 467 (2018). Accordingly, "a statute in effect on the date of a criminal offense is the applicable statute 'absent clear legislative intent to the contrary.' " *Brake*, 15 Wn. App. 2d at 744 (quoting *In re Pers. Restraint of Flint*, 174 Wn.2d 539, 559 n.9, 277 P.3d 657 (2012) (Stephens, J., dissenting)).

Here, the legislature did not express a clear intent that the amendment to former RCW 9A.76.170 should apply retroactively. *Id.* at 745. As such, the 2020 changes to that statute apply prospectively only. *Id.*

Because the changes to that statute apply prospectively, the statute that was in effect on the date of Wagner's offense is the one that applies to her. Wagner committed the offense in January 2020. As such, the statute in effect was former RCW 9A.76.170, not the amendment to that statute that took effect in June 2020.

Wagner nonetheless argues that the changes to the bail jumping statute apply to her because her case is on direct appeal. Appellant's Opening Br. at 5 (citing *Jefferson*, 192 Wn.2d at 246). In *Brake*, this court considered that exact argument and rejected it. 15 Wn. App. 2d at 745-46.

Wagner also argues the proper test for determining whether a newly enacted statute applies retroactively is "whether the fair import of the statute shows it was intended to apply retroactively[,]" and that the text of law that modified the bail jumping statute "impliedly indicates" that the law was intended to apply retroactively. Appellant's Opening Br. at 13-15.

3

Wagner is incorrect. Rather, the proper test for determining whether a statute applies retroactively is if the legislature expressly declared, in the repealing act, an intention that the statute have a retroactive effect. *Brake*, 15 Wn. App. 2d at 743-44. And, "[o]ur legislature clearly did not include language that the statute was meant to apply retroactively. We decline to view this omission as an ambiguity." *Id*. at 746. As such, there was no clear intent that the amendment should apply retroactively. [1] [2]

CONCLUSION

We hold that the changes to former RCW 9A.76.170 do not apply retroactively to Wagner's bail jumping charge. Consequently, we affirm.

---

[1] Wagner argues that under *State v. Wiley*, 124 Wn.2d 679, 687, 880 P.2d 983 (1994), "when the legislature reduces the maximum punishment for a crime, that reduction is presumed to apply to all cases." Appellant's Opening Br. at 12. Thus, she contends, the *Brake* Court acted "[i]n contravention of these fundamental principles" when it "reasoned that RCW 10.01.040 created a 'bright-line rule' requiring explicit language stating the change in the law is retroactive." *Id.* at 13 (internal quotation marks omitted) (quoting *Brake*, 15 Wn. App. 2d at 746). But as the State notes, in *State v. Jenks*, 197 Wn.2d 708, 725, 487 P.3d 482 (2021), our supreme court declined to follow *Wiley* because *Wiley* did not address the savings statute. Br. of Resp't. at 15. We agree with the State that Wagner's reliance on *Wiley* is misplaced.

[2] We note that the State argues that Wagner has not shown that *Brake* is "incorrect and harmful" in asking us not to follow *Brake*, and that we should not "overturn" *Brake* for that reason. Br. of Resp't at 16 (emphasis omitted). We take this opportunity to reiterate that the incorrect and harmful stare decisis test applies only to our supreme court. *In re Pers. Restraint of Arnold,* 190 Wn.2d 136, 148-49, 410 P.3d 1133 (2018). The three divisions of the court of appeals are not bound by the decisions issued by one another, nor even are three judge panels within the same division of the court of appeals bound by a decision of another panel. *Id.* at 149-50. We do not have a rule of horizontal stare decisis, and we do not overturn other decisions of the court of appeals. *Id* at 148. When the court of appeals issues conflicting decisions, those conflicts are resolved by our supreme court. *Id.* at 150.

No. 56533-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

GLASGOW, C.J.

VELJACIC, J.