IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 40132-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN R. GARDNER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. — John Gardner challenges the calculation of his offender score on appeal. He contends that, based on a statutory amendment in 2023, the superior court should not have included earlier juvenile adjudications in his score. We disagree.

FACTS

On August 28, 2023, John Gardner pled guilty to one count of second degree assault. The assault occurred on May 25, 2023. At the time of the offense, former RCW 9.94A.525(1) (2021) allowed previous juvenile adjudications to be included in calculating an offender score. Before Gardner pled guilty, the Legislature amended the

Sentencing Reform Act, Chapter 9.94A RCW, to prohibit the use of most juvenile adjudications in adult sentencing. This amendment took effect on July 23, 2023.

John Gardner's criminal history includes juvenile adjudications for second degree taking of a motor vehicle without permission, second degree possession of stolen property, and third degree assault. The State included these adjudications in Gardner's offender score. Under the plea agreement, the State agreed to recommend a standard sentencing range of 33 to 43 months based on an offender score of 6. Gardner retained the right to argue that his offender score should be 5 under the amended statute and to request a Mental Health Sentencing Alternative (MHSA).

PROCEDURE

At sentencing on November 15, 2023, John Gardner argued that his juvenile adjudications—for second degree taking a motor vehicle without permission, second degree possession of stolen property, and third degree assault—could not be used to calculate his offender score. Gardner maintained the recent amendment to RCW 9.94A.525(1) applied to his sentencing.

The State maintained that RCW 9.94A.345 required the sentencing score to be calculated under the law in effect at the time the offense was committed. The superior court adopted the State's position, established an offender score of 6, and imposed a

standard range sentence of 33 to 43 months to be served on community custody under the

MHSA.

LAW AND ANALYSIS

John Gardner challenges the calculation of his offender score on appeal. He asks

us, as he did the superior court, to remove, from the calculation, juvenile adjudications.

He asserts both statutory and constitutional arguments. We reject the statutory argument

on the merits, and we decline to address the constitutional arguments.

RCW 9.94A.525(1)(b)

John Gardner argues that the version of RCW 9.94A.525(1)(b) in force at the time

of his sentencing in August 2023 governs his sentence. He asserts the statute applies

prospectively. Thus, he contends his case should be remanded for resentencing with an

offender score that excludes his prior juvenile adjudications.

RCW 9.94A.525(1)(b) now reads:

> For the purposes of this section [on offender scores], adjudications
> of guilt pursuant to Title 13 RCW [the juvenile justice code] which are not
> murder in the first or second degree or class A felony sex offenses may not
> be included in the offender score.

On May 25, 2023, when John Gardner committed the assault, former RCW 9.94A.525(1)

(2021) contained no provision precluding earlier juvenile adjudications from being

counted when calculating an offender score. *State v. Tester*, 30 Wn. App. 2d 650, 652,

3

546 P.3d 94, *review denied*, 3 Wn.3d 1019, 556 P.3d 1094 (2024). The Legislature amended RCW 9.94A.525(1) to its current reading in 2023. This amendment became effective on July 23, 2023. LAWS OF 2023, Ch. 415, § 2.

We reject John Gardner's request that we apply the 2023 amendment retroactively for two reasons. First, we presume statutes apply prospectively unless the legislature indicates otherwise. *State v. Brake*, 15 Wn. App. 2d 740, 744, 476 P.3d 1094 (2020). Second, under RCW 9.94A.345, a section of the sentencing reform act, the court bases a sentence on the law in effect when the offender commits the offense, unless the statute reads to the contrary. *State v. Jenks*, 197 Wn.2d 708, 716, 487 P.3d 482 (2021). The savings clause, RCW 10.01.010, similarly provides that statutory amendments or repeals do not alter the punishment for offenses committed under prior law unless the new law expressly states otherwise. *State v. Gibson*, 33 Wn. App. 2d 618, 621, 563 P.3d 1079 (2025).

*State v. Tester*, 30 Wn. App. 2d 650 (2024) governs our decision. The superior court sentenced Michael Tester for third degree theft and residential burglary using an offender score that counted six juvenile adjudications. Tester sought resentencing on the ground that RCW 9.94A.525(1) should apply prospectively and exclude those juvenile offenses. This court held that former RCW 9.94A.525(1)—in force when the crimes

4

were committed—governed because there was no evidence that the legislature intended for the amendment to reach pending cases.

## Constitution

For the first time on appeal, John Gardner claims that his sentence violates equal protection, a jury should have determined the existence of his prior juvenile offenses, and counting prior juvenile adjudications in his adult offender score constitutes cruel punishment under the state and federal constitutions. Gardner did not raise these claims before the sentencing court.

RAP 2.5(a) allows review of unpreserved issues only when they involve a manifest constitutional error—one so obvious the trial court should have recognized it. *State v. Kirkman*, 159 Wn.2d 918, 934, 155 P.3d 125 (2007). John Gardner cites no authority that holds the inclusion of juvenile offenses in an offender score violates the equal protection or the cruel punishment clauses in the federal of state constitutions. He cites no authority that a jury must determine his offender score. Thus, we decline to review his constitutional challenges.

## CONCLUSION

We affirm John Gardner's offender score and sentence.

No. 40132-4-III
*State v. Gardner*


A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.


_____
Fearing, J.

WE CONCUR:


_____
Murphy, J.

_____
Lawrence-Berry, C.J.